Filed 1/19/22  P. v. Petrovich CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059834 |
| v. | (Super. Ct. No. 06CF3677) |
| JARED LOUIS PETROVICH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Reversed and remanded.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Several jail inmates beat another inmate to death because they believed he was a child molester. A jury convicted Jared Louis Petrovich, and four codefendants, of second degree murder. We upheld the conviction in *People v. Guillen* (2014) 227 Cal.App.4th 934 (*Guillen*).

Petrovich sought resentencing pursuant to Penal Code section 1170.95.[1] The trial court denied the petition without issuing an order to show cause (OSC). Petrovich asserts this was improper because he was entitled to relief and the court improperly relied on the prior appellate opinion (*Guillen*) as being part of the record of conviction. The Attorney General (AG) concedes Petrovich's petition for resentencing stated a prima facia case he was potentially eligible for relief, and therefore, the ruling should be reversed. We accept the AG's concession and reverse the order and remand the matter to the trial court with directions to issue an OSC.

FACTS

We incorporate by reference the detailed summary of facts set forth in *Guillen, supra,* 227 Cal.App.4th 934. Simply stated, in 2011 a jury convicted Petrovich of second degree murder (§ 187, subd. (a)), and the trial court sentenced him to 15 years to life in prison.

In April 2019, Petrovich filed a petition to vacate his murder conviction and for resentencing under section 1170.95. The petition alleged as follows: "[1] A complaint, information or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; [¶] [2] At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; . . . [¶] [3] I could not now be convicted of 1st or 2nd degree murder because of changes

---

[1] All further statutory references are to the Penal Code.

made to . . . §§ 188 and 189, effective January 1, 2019[;] [¶] . . . [¶] [and 4] I request that this court appoint counsel for me during this re-sentencing process."

The trial court appointed counsel and held a hearing at which it denied Petrovich's petition for resentencing without issuing an OSC. The court determined the "evidence at trial established Petrovich participated in the assault, and the [c]ourt of [a]ppeal found sufficient evidence supported the mental component of malice as to Petrovich." It further reasoned, "[t]he appellate court['s] determination that there was sufficient evidence to sustain [Petrovich's] conviction of second degree implied malice murder demonstrates that [Petrovich] could still be convicted of second degree murder after the changes to . . . section 188 or 189 . . . ."

DISCUSSION

Section 1170.95, subdivision (a), provides, in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." Under section 1170.95, if the petitioner makes a prima facie showing, the court must issue an OSC and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner. (§ 1170.95, subds. (c), (d)(1).) A prima facie showing under section 1170.95 requires all of the following: (1) an accusatory pleading was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he or she was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he or she could have been so convicted; and (3) that he or she could not be convicted of first or second degree murder due to the amendments to sections 188 and 189. (§ 1170.95, subd. (a)(1)-(3).)

3

The AG concedes the petition was factually sufficient and Petrovich, therefore, satisfied the first of what the AG described as a two-step prima facie showing under section 1170.95, subdivision (c).  Our Supreme Court recently resolved a split of authority, holding section 1170.95, subdivision (c) describes "only a single prima facie showing.  [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 962 (*Lewis*).)  However, for purposes of this opinion, this legal development is not relevant because ultimately the AG concedes the record and petition supported issuance of an OSC.

Specifically, the AG recognizes the court could not say, as a matter of law, Petrovich was ineligible for relief because the prosecution argued, and the jury was instructed on, several theories of guilt for second degree murder, some of which do not survive the changes to sections 188 and 189.  Given that the jury returned a general verdict without making special findings, it is possible the jury found Petrovich guilty under a natural and probable consequences theory.  We have reviewed the record and accept the AG's concession the matter must be reversed and remanded.

On a final note, the *Lewis* decision resolved the parties' dispute about whether the trial court should have considered the *Guillen* opinion as part of the record of conviction.  It stated the following:  "Appellate opinions . . . are generally considered to be part of the record of conviction.  (See *People v. Woodell* (1998) 17 Cal.4th 448, 454-455.)  However, as we cautioned in *Woodell*, the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.'  [Citation.]  In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'  [Citation.]  As the People emphasize, the 'prima facie bar was intentionally and correctly set very low.'  [¶] In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis, supra,* 11 Cal.5th at p. 972, fn. omitted.)

4

DISPOSITION

We reverse the trial court's postjudgment order denying Petrovich's petition and remand with directions for the court to issue an OSC (§ 1170.95, subd. (c)), and hold a hearing to determine whether to vacate Petrovich's conviction, to recall his sentence, and resentence him (§ 1170.95, subd. (d)).


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.


5